UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MELISSA MASSEY,**

      **Plaintiff,**

v.                                           **Case No:  6:12-CV-470-Orl-36TBS**

**SOKC, LLC, PENN NATIONAL
GAMING, INC. and DANIEL HEISEY,**

      **Defendants.**

_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation of Magistrate Judge Karla R. Spaulding, filed on May 23, 2012 (Doc. 23).  In the Report and Recommendation, the Magistrate Judge recommends that the Court grant Plaintiff Melissa Massey's ("Plaintiff") Motion to Remand (Doc. 11).  *See* Doc. 23.  On June 14, 2012, Defendants SOKC, LLC and Penn National Gaming, Inc. filed an Objection to the Magistrate's Report and Recommendation (Doc. 24), to which Plaintiff responded in opposition (Doc. 25). Accordingly, this matter is ripe for review.

## BACKGROUND

On June 24, 2011, Plaintiff filed her "Initial Complaint" against Defendant Sanford Orlando Kennel Club, Inc. ("Defendant SOKC Inc.") in the Circuit Court for the Eighteenth Judicial Circuit in and for Seminole County, Florida (Doc. 1, Ex. D).  On February 10, 2012, Plaintiff filed an "Amended Complaint" with the state court, naming SOKC, LLC ("Defendant SOKC LLC"), Penn National Gaming, Inc. ("Defendant Penn National") and Daniel Heisey ("Defendant Heisey") (collectively, "the Defendants") as defendants in this matter (Doc. 2).  The

Amended Complaint asserts two counts: (1) Count I - Negligence by Defendant SOKC LLC and Defendant Penn National; and (2) Count II - Defamation by Defendant SOKC LLC and Defendant Penn National. *Id.* On March 26, 2012, the Defendants filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (Doc. 1). On April 18, 2012, Plaintiff filed a Motion to Remand this action to the state court (Doc. 11), to which the Defendants filed a Response in opposition (Doc. 15). After a hearing on Plaintiff's Motion to Remand, Doc. 22, the Magistrate Judge issued a Report and Recommendation on Plaintiff's Motion to Remand (Doc. 23).

## **STANDARD**

When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the District Court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507 (11th Cir. 1990). Once a timely objection to the Report and Recommendation is made, the District Judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

The removing defendant bears the burden of proving that federal jurisdiction exists by the preponderance of the evidence. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where the plaintiff does not aver a specific amount of damages in her complaint, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds [$75,000]." *Id.* If the $75,000 requirement is not facially apparent in the complaint, the

court may look to the notice of removal and require "evidence relevant to the amount in controversy at the time the case was removed." *Id.* Conclusory allegations, in the absence of facts to support such assertions, in the notice of removal are insufficient to satisfy the defendant's burden. *Id.* at 1320; *see Lowrey v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007 ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."). Last, "[w]here the pleadings are inadequate, [the court] may review the record to find evidence that diversity jurisdiction exists." *Williams*, 269 F.3d at 1319.

## ANALYSIS

In the Report and Recommendation, the Magistrate Judge found that because the Initial Complaint alleged that both Plaintiff and Defendant SOKC Inc., an improper defendant, were Florida citizens, diversity of citizenship did not exist between the parties at the outset of the lawsuit. Doc. 23, pp. 4-5. Accordingly, Plaintiff's Initial Complaint was unremovable. *Id*. Therefore, the Magistrate Judge found this action to be a "Second-Paragraph" case, falling within the purview of the second paragraph of 28 U.S.C. § 1446(b). *Id.* at 5. In response, the Defendants raise two objections to the Magistrate Judge's Report and Recommendation: (1) the filing and service of the Amended Complaint should be treated as the commencement of the lawsuit, and thus the "First Paragraph" of 28 U.S.C. § 1446(b) governs the propriety of removal; and accordingly; (2) the Court should review evidence beyond the record to determine whether the Defendants have established evidence supporting the requisite amount in controversy for removal purposes. *See* Doc. 24, pp. 6-7. Each of these objections will be addressed in turn.

### I. Governing Paragraph Under 28 U.S.C. § 1446(b)

Where a plaintiff files an amended complaint adding a party defendant, the amended complaint becomes the operative complaint for purposes of determining jurisdiction at removal.

3

*Malowney Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting "[a]n amended complaint supersedes an original complaint"); *see Ross v. Sam's E., Inc.*, 2006 WL 1643999, at *1 (M.D. Fla. 2006) (holding Court lacked diversity jurisdiction where plaintiff, a Florida citizen, filed an amended complaint in state court adding a party defendant who also was a Florida citizen). Here, it is undisputed that Plaintiff's Amended Complaint supersedes the Initial Complaint. However, the Defendants go a step further in arguing that because SOKC LLC, being a later-added defendant, had not been properly served with the Initial Complaint, the lawsuit was not commenced until SOKC LLC received service of the Amended Complaint on May 5, 2012. *See* Doc. 24. In sum, the Defendants argue that for purposes of determining jurisdiction and propriety of removal, this is a First-Paragraph case because it was removable when SOKC LLC, a non-Florida citizen, actually received service of process of the Amended Complaint. *Id*. at 6-7.

The Eleventh Circuit has held that service of process is not required to commence a civil suit. *Soc'y of Lloyd's v. Sumerel*, 2007 WL 2114381, at *4 (M.D. Fla. 2007) (citing *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1315-16 (11th Cir. 1990)). Rather, the filing of a complaint begins an action. *Freeport-McMorRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *Scoggins v. Pollock*, 727 F.3d 1025, 1028 (11th Cir. 1984); Fed. R. Civ. P. 3. Thus, it necessarily follows that diversity jurisdiction is determined at the time a complaint is *filed*. *Id.* (emphasis added). For removal purposes, diversity jurisdiction must exist not only when the original action is filed, but also at the time of removal. *Turner v. Pa. Lumbermen's Mut. Fire Ins. Co.*, 2007 WL 3104930, at *2 (11th Cir. 2007) (citing *Stevens v. Nichols*, 130 U.S. 230, 231 (1889)).

In reviewing the Initial Complaint, the Magistrate Judge found that Plaintiff and SOKC Inc., the named parties, were Florida citizens. The Magistrate Judge went on to state that "[t]he possibility of complete diversity was first presented in the [A]mended [C]omplaint, in which it is alleged that Plaintiff is a citizen of Florida and SOKC LLC and [Defendant Penn National] are not citizens of Florida." Doc. 23 pp. 4-5. Because Plaintiff named diverse parties in her Amended Complaint but not in the Initial Complaint, originally this case was not removable. Accordingly, the Court is in agreement with the Magistrate that this is a Second-Paragraph case.

## II.     Second-Paragraph Analysis

In determining whether removal is proper in a Second-Paragraph case, the Court may consider only documents "received by the defendant from the plaintiff" at the time of removal. *Lowrey*, 483 F.3d at 1214; *see* § 1446(b)(3) (limiting receivable documents to "amended pleading, motion, order or other paper from which it may first be ascertained that the case" has become removable). These include the initial complaint or a later-received paper, the notice of removal, and other accompanying documents. *Id.* If such evidence does not sufficiently establish the propriety of removal, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowrey*, 483 F.3d at 1214-15. Moreover, a defendant may not aver that an initially nonremovable case has become removable based on documents which the defendant herself created. *Pretka*, 608 F.3d at 761.

In the instant case, the Magistrate Judge determined that the Amended Complaint sufficiently alleges diversity citizenship between the parties but fails to establish the required amount in controversy. Doc. 23, p. 6. The Court is in agreement with the Magistrate Judge that the documents submitted to the Court fail to demonstrate that the Defendants have met their burden of proof. First, the "later-received paper," that is, the Amended Complaint, alleges

damages in excess of $15,000. Doc. 2, ¶ 1. However, nowhere in this Complaint does Plaintiff assert damages greater than or near $75,000. Second, the Defendants base their notice of removal solely on the Amended Complaint. *See* Doc. 23, p. 6. Defendants argue that Plaintiff's lost wages, in conjunction with pain and suffering, mental anguish, and the like, amount to damages exceeding $75,000. However, without a "motion, order or other paper that gave them notice of the amount in controversy," the Defendants have proffered nothing more than mere speculation that Plaintiff's damages exceed $75,000. *Id.*; *Lowrey*, 483 F.3d at 1214.

The Magistrate Judge also considered Plaintiff's demand for judgment, which bears a certificate of service indicating that it was served after Plaintiff filed the notice of removal. Doc. 23, p. 6. Because of the post-removal nature of the demand for judgment, the Defendants could not have "ascertained that the case . . . ha[d] become removable" based on the damages listed in that document. *See* § 1446(b) (Second-Paragraph). Therefore, the demand for judgment was not the type of "other paper" which the law contemplates in support of the Defendants' Notice of Removal. *See* Doc. 23, p. 6; *see also Lowery*, 483 F.3d at 1212 n.62 (listing "other papers"). Therefore, pursuant to the Second-Paragraph of § 1446(b), the Defendants have failed to meet their burden of proving the requisite amount in controversy.

### III.    First-Paragraph Analysis

Assuming *arguendo* this is a First-Paragraph case, the Defendants assert that Plaintiff's estimated back pay and lost wages through the time of trial, combined with other damages (such as mental anguish), exceed the jurisdictional amount. *See* Doc. 24. In support of this argument, the Defendants cite several pre-2006 cases from the Eleventh Circuit to illustrate how courts have used back pay estimations to ascertain the approximate amount in controversy. *See* Doc. 15, p. 112.

6

However, the Magistrate Judge adopts the contrary views of more recent Eleventh Circuit decisions. *See, e.g.*, *Lowery*, 483 F.3d at 1211 (a 2007 case noting "any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork and such speculation is frowned upon"); *Snead v. AAR Mfg., Inc.*, 2009 WL 3242013, at *3 (M.D. Fla. 2009) (holding, in light of *Lowery*, courts should not include additional back pay through the time of trial in assessing the jurisdictional amount in controversy); *Matthew v. S & B Eng'rs & Constr., Ltd.*, 2009 WL 249931, at *3 (M.D. Fla. 2009) (holding evidence of plaintiff's failure to stipulate with respect to establishing the jurisdictional amount in controversy could not be reconciled by her estimated back pay damages); *Brown v. American Express Co., Inc.*, 2010 WL 527756, at *2 (S.D. Fla. 2010) (citing *Lowery*, *Snead*, and *Matthew*). As the Magistrate noted:

> [Defendants'] affidavit submitted in opposition to the motion for remand addresses only [Plaintiff]'s annual salary. It offers no legal authority showing that [Plaintiff] would be entitled to recover back pay or lost wages under the causes of action alleged in the amended complaint. Furthermore, [Plaintiff] avers that she [is] not seeking a total damages sum in excess of $75,000.

Doc. 23, p. 7.

To the extent the First-Paragraph is applicable, neither the Amended Complaint, the removal petition, nor any evidence from outside the record supports the Defendants' belief that Plaintiff is seeking damages in excess of $75,000. *See id*. Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

7

1. The Report and Recommendation of the Magistrate Judge (Doc. 23) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff Melissa Massey's Motion to Remand (Doc. 11) is **GRANTED**. This action is remanded to the Circuit Court for the Eighteenth Judicial Circuit, in and for Seminole County, Florida.

3. The Clerk of Court is directed to mail a certified copy of this Order to the Clerk of the Eighteenth Judicial Circuit, Seminole County, Florida. The Clerk is further directed to terminate all pending motions and close this case.

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Karla R. Spaulding